**In re KNUDSEN CORPORATION and affiliates, Debtors.**

**Bankruptcy Nos. Case No. LA 86–12940–BR (Joint Administration including Case Nos. LA 86–12940–BR; LA 86–14505–BR; LA 86–17344–BR; and LA 86–17345–BR).**

United States Bankruptcy Court,
C.D. California.

Oct. 23, 1986.

Skadden, Arps, Slate, Meagher & Flom by James E. Lyons, for The First Boston Corp.

Stutman, Treister & Glatt by George C. Webster II, for debtors in possession.

Gendel, Raskoff, Shapiro & Quittner by Bernard Shapiro, for Citicorp Industrial Credit, Inc.

ORDER (i) UNDER 11 U.S.C. §§ 327, 328 AND FED.R.BANKR.P. 2014 AUTHORIZING RETENTION OF THE FIRST BOSTON CORPORATION AS INVESTMENT BANKERS IN CONNECTION WITH SALE OF ASSETS EFFECTIVE AS OF SEPTEMBER 17, 1986, AND (ii) UNDER 11 U.S.C. §§ 330, 503, 506(c), AND 552(b) AUTHORIZING PAYMENT OF FEE, FREE AND CLEAR OF LIENS, FROM PROCEEDS OF SALE

BARRY RUSSELL, Bankruptcy Judge.

Upon the application of Knudsen Foods, Inc., Knudsen Corporation, Foremost Dairies, Inc., and Knudsen Agricultural Management Company, debtors-in-possession (collectively, the "Debtors" or the "Knudsen Group"), for approval of the sale of certain of the Debtors' assets (the "Sale Application") to Kraft, Inc. and Hughes Markets, Inc. (the "Kraft/Hughes Sale Transaction"); and upon the order of this court entered October 7, 1986, authorizing the Debtors to enter into and to consummate the Kraft/Hughes Sale Transaction (the "Sale Order"); and upon the Supplementary Declaration of John P. Brincko, President and Chief Executive Officer of each of the Debtors-in-Possession, in support of the Sale Application, made on September 30, 1986; and upon the declaration of Edward N. Robinson, made on October 15, 1986; and upon the consent to the entry of this Order by the Debtors and by Citicorp Industrial Credit, Inc. (the "Lender"); and it appearing that First Boston is due a fee for services rendered as investment bankers in connection with the Kraft/Hughes Sale Transaction upon the terms set forth herein (the "Transaction Fee"); and it appearing that the closing of the Kraft/Hughes Sale Transaction is currently scheduled for October 21, 1986; and it appearing that the aggregate consideration for the Kraft/Hughes Sale Transaction (the "Sale Proceeds") payable to the Debtors at the closing is: a) $68,000,000; and b) an amount equal to the book value of certain inventory as of the closing date, which is salable in the ordinary course of business as specified in the Kraft/Hughes Sale Transaction (the "Inventory Payment"); and it appearing that the Transaction Fee is fair and reasonable under the circumstances; and it appearing that First Boston is a disinterested person within the meaning of 11 U.S.C. § 327; and it appearing that the investment banking services performed by First Boston were necessary; and sufficient cause appearing therefor, it is hereby

ORDERED, that the Debtors be, and they hereby are, authorized and directed to retain First Boston as their investment bankers in connection with the Kraft/Hughes Sale Transaction, *nunc pro tunc*, effective as of September 17, 1986; and it is further

ORDERED, that the Debtors be, and they hereby are, authorized and directed to pay First Boston, on the Payment Date, as defined below for its services rendered as investment bankers in connection with the Kraft/Hughes Sale Transaction, subject to the provisions set forth below, the Transaction Fee in the amount of $1,180,000, plus one percent (1%) of the Inventory Payment described above, which Transaction Fee represents two percent (2%) of the first $50,000,000 of Sale Proceeds, one percent (1%) of the next $100,000,000 and two percent (2%) of all additional Sale Proceeds; and it is further

ORDERED, that: (1) First Boston shall serve a copy of this Order, by United States Express Mail, on the following parties in interest (the "Noticed Parties"): (a) all entities, parties and persons asserting a lien, claim, interest or right of payment against the Sales Proceeds, now known to First Boston, the Debtors or the Lender; and (b) pursuant to Bankr.R. 2002(i), to the attorneys for the creditors' committee, and to such parties who have filed a request for special notice as of the date of the mailing; (2) such Noticed Parties may object to the relief ordered herein by filing with the Court and serving on the attorneys for First Boston (Skadden, Arps, Slate, Meagher & Flom, 515 South Figueroa Street, Los Angeles, CA 90071, attention: James E.

Lyons), the Debtors (Stutman, Treister & Glatt, 3699 Wilshire Boulevard, Suite 900, Los Angeles, CA 90007, attention: George C. Webster II), and the Lender (Gendel, Raskoff, Shapiro & Quittner, 1801 Century Park East, Suite 600, Los Angeles, CA 90067, attention: Gary Samson), a written objection and request for a hearing (the "Objection") within twenty days of the date of the mailing of the Order (the "Objection Period"); and (3) if no such Objection and request for a hearing is timely served and filed by a Noticed Party, then such Noticed Party will be deemed to have consented to the relief ordered herein; and it is further

ORDERED, that in the event a Noticed Party properly and timely serves and files such a written Objection, then First Boston or the Debtors may schedule a hearing with the Court, on notice to such objecting Noticed Party, First Boston, the Debtors and the Lender; and it is further

ORDERED, that notwithstanding the terms of the order entered by the court dated September 22, 1986 (the "Financing Order"), respecting certain post-petition financing provided by Citicorp Industrial Credit, Inc. (the "Lender"), to the extent that the Lender receives Sale Proceeds pursuant to the Sale Order, then, on the Payment Date, as defined below, the Lender will return to the Debtors a portion of the Sale Proceeds equal in amount to the Transaction Fee, and on the same date, the Debtors will transfer such amount to First Boston. The "Payment Date" shall mean the first business day after the earlier of (a) the entry of a final Order or Orders of this Court disposing of all timely and properly filed and served Objections, so as to allow payment of the Transaction Fee, or (b) the expiration of the Objection Period, if no Objection was timely and properly filed and served; and it is further

ORDERED, that the transfer of the portion of the Sale Proceeds in payment of the Transaction Fee shall be free and clear of any lien, claim, interest, or right of payment of any entity, party, or person whatsoever, including, but not limited to, any such lien, claim, interest or right of payment of the Lender granted or recognized under the Financing Order; provided, however, that such payment of the Transaction Fee shall not affect the amount or priority of any such lien, claim, interest, or right, of any such entity, party or person, including the Lender, to the collateral not utilized for such payment; and it is further

ORDERED, that (1) the Court shall retain exclusive jurisdiction to determine any disputes regarding the payment of the Transaction Fee and (2) if the Court determines that First Boston should disgorge the Sale Proceeds received as payment of the Transaction Fee, or any portion thereof, then, unless a court orders otherwise, First Boston shall forthwith return such Sale Proceeds to the Debtors' estates or to any other entity directed by the Court in the amount and with interest, costs and fees as ordered; and it is further

ORDERED, that the payment ordered herein shall be without prejudice to the right of First Boston to apply to this Court for compensation for other and further services provided to the Debtors.